THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LUAYE KHATIB,<br><br>  Plaintiff,<br><br>v.<br><br>SCI WASHINGTON FUNERAL SERVICES, INC., a Washington corporation, and UNISERVICE CORPORATION d/b/a FLORAL HILLS CEMETERY,<br><br>  Defendants. | No. 2:12-cv-00034-RAJ<br><br>**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

COME NOW Defendants SCI Washington Funeral Services, Inc. ("SCI") and Uniservice Corporation d/b/a/ Floral Hills Cemetery ("Uniservice") (collectively, "Defendants"), by and through their attorneys of record, Lane Powell PC, and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, hereby admit, deny and allege as follows:

**I.   PARTIES**

1. Answering paragraph 1.1 of Plaintiff's Complaint, Defendants lacks sufficient information to form a belief as to the truth or falsity of the allegations therein and therefore deny them.

2. Answering paragraph 1.2 of Plaintiff's Complaint, Defendant SCI admits that it is a Washington corporation and conducts business in King County, Washington. Except as so

ANSWER TO AMENDED COMPLAINT - 1
No. 2:12-cv-00034-RAJ
709531.0003/5253017.1

admitted, all remaining allegations in paragraph 1.2 are denied.

3. Answering paragraph 1.3 of Plaintiff's Complaint, Defendant SCI admits that Prentice Hall Corporation System is its registered agent. Except as so admitted, all remaining allegations in paragraph 1.3 are denied.

4. Answering paragraph 1.4 of Plaintiff's Complaint, Defendant Uniservice admits that it is an Oregon corporation and that it conducts business as Floral Hills Cemetery. Except as so admitted, all remaining allegations in paragraph 1.4 are denied.

## II.   JURISDICTION AND VENUE

5. Answering paragraph 2.1 of Plaintiff's Complaint, Defendants admit that the employment relationship between Plaintiff and Uniservice occurred in King County, but deny the implication that they engaged in any acts or omissions giving rise to liability.

6. Answering paragraph 2.2 of Plaintiff's Complaint, but without admitting liability, Defendants admits that venue is proper in King County.

7. Answering paragraph 2.3 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations therein and therefore deny them.

## III.   FACTS AND CIRCUMSTANCES

8. Answering paragraph 3.1 of Plaintiff's Complaint, Defendant Uniservice admits that it employed plaintiff from January 2010 through June 7, 2011. Except as so admitted, Defendant Uniservice denies all remaining allegations in paragraph 3.1. Defendant SCI lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.1 and therefore denies them.

9. Answering paragraph 3.2 of Plaintiff's Complaint, Defendant Uniservice admits that it employed Plaintiff as a family service counselor and that his job responsibilities included sales and services related to the interment process. Defendant Uniservice further admits that Plaintiff's compensation included a base salary and commission. Except as so admitted, Defendant Uniservice denies all remaining allegations in paragraph 3.2. Defendant SCI lacks

ANSWER TO AMENDED COMPLAINT - 2
No. 2:12-cv-00034-RAJ
709531.0003/5253017.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.2 and therefore denies them.

10. Answering paragraph 3.3 of Plaintiff's Complaint, Defendants admit SCI owns Cedar Lawns Memorial Park and that Plaintiff participated in negotiations with the Muslim Association of Puget Sound to sell burial plots therein. Except as so admitted, all remaining allegations in paragraph 3.3 are denied.

11. Answering paragraph 3.4 of Plaintiff's Complaint, Defendant Uniservice admits that Plaintiff received a Rookie of the Year Award for sales made in 2010. Except as so admitted, Defendant Uniservice denies all remaining allegations in paragraph 3.4. Defendant SCI lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.4 and therefore denies them.

12. Answering paragraph 3.5 of Plaintiff's Complaint, the allegations concerning "landscaping concessions" are vague and therefore denied. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations concerning Plaintiff's representations to the Muslim community and therefore deny them. All remaining allegations in paragraph 3.5 are denied.

13. Answering paragraph 3.6 of Plaintiff's Complaint, Defendants deny the allegations.

14. Answering paragraph 3.7 of Plaintiff's Complaint, the allegations concerning "landscaping concessions" are vague and therefore denied. Defendants admit that Plaintiff was instructed to notify Dr. Wail that unauthorized language would need to be removed from his contract. Except as so admitted, all remaining allegations in paragraph 3.7 are denied.

15. Answering paragraphs 3.8 of Plaintiff's Complaint, Defendants deny that they changed their position with respect to Dr. Wail's contract. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.8 and therefore deny them.

16. Answering paragraphs 3.9 and 3.10 of Plaintiff's Complaint, Defendants deny

ANSWER TO AMENDED COMPLAINT - 3
No. 2:12-cv-00034-RAJ
709531.0003/5253017.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

the allegations.

17. Answering paragraph 3.11 of Plaintiff's Complaint, Defendants deny the implication that SCI ever considered landscaping concessions verbally or in writing. All remaining allegations in paragraph 3.11 are denied.

18. Answering paragraph 3.12 of Plaintiff's Complaint, Defendants deny the implication that SCI had a "change in position" or that the alleged "deal" with the Muslim community would have resulted in "over a million dollars in sales." All remaining allegations in paragraph 3.12 are denied.

19. Answering paragraph 3.13 of Plaintiff's Complaint, Defendants deny the allegations.

20. Answering paragraph 3.14 of Plaintiff's Complaint, Defendant Uniservice admits that Plaintiff was terminated after a burial plot was dug in the wrong location at Floral Hills Cemetery. Defendant Uniservice lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations concerning Plaintiff's communications with an unnamed family and therefore deny them. Except as so admitted, Defendant Uniservice denies all remaining allegations in paragraph 3.14. Defendant SCI lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.14 and therefore denies them.

21. Answering paragraph 3.15 of Plaintiff's Complaint, Defendant Uniservice admits that Plaintiff was responsible for the incorrect placement of a burial plot due, in part, to his failure to follow required verification procedures, including confirmation of the location by family. Except as so admitted, Defendant Uniservice denies all remaining allegations in paragraph 3.15. Defendant SCI lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.15 and therefore denies them.

22. Answering paragraph 3.16 of Plaintiff's Complaint, Defendant Uniservice admits that Plaintiff asked Dan Dugan to review his termination and that, as a result of said review, Plaintiff was not reinstated to his former position within Uniservice. Except as so

ANSWER TO AMENDED COMPLAINT - 4
No. 2:12-cv-00034-RAJ
709531.0003/5253017.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

admitted, Defendant Uniservice denies all remaining allegations in paragraph 3.16. Defendant SCI lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.16 and therefore denies them.

23. Answering paragraph 3.17 of Plaintiff's Complaint, Defendant Uniservice admits that Plaintiff was paid an hourly wage of $8.50, plus overtime to extent required by law. Except as so admitted, Defendant Uniservice denies all remaining allegations in paragraph 3.17. Defendant SCI lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.17 and therefore denies them.

24. Answering paragraph 3.18 of Plaintiff's Complaint, Defendant Uniservice denies the allegations. Defendant SCI lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.18 and therefore denies them.

### IV. WASHINGTON LAW AGAINST DISCRIMINATION

25. Answering paragraphs 4.0 of Plaintiff's Complaint, Defendants restates and realleges its responses to paragraphs 1.1 through 3.18 as though restated fully herein.

26. Answering paragraphs 4.1, 4.2 and 4.3 of Plaintiff's Complaint, Defendants deny the allegations.

### V. TITLE VII

27. Answering paragraphs 5.0 of Plaintiff's Complaint, Defendants restates and realleges its responses to paragraphs 1.1 through 4.3 as though restated fully herein.

28. Answering paragraph 5.1, 5.2 and 5.3 of Plaintiff's Complaint, Defendants deny the allegations.

### VI. UNPAID WAGES AND COMMISSIONS

29. Answering paragraphs 6.0 of Plaintiff's Complaint, Defendants restates and realleges its responses to paragraphs 1.1 through 5.3 as though restated fully herein.

30. Answering paragraph 6.1 of Plaintiff's Complaint, Defendants deny the allegations.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**RELIEF REQUESTED**

31. Answering paragraphs 7.1, 7.2, 7.3, 7.4, 7.5, 7.6 and 7.7 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested.

32. Any allegations not expressly admitted herein are expressly denied.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants has not yet had a full opportunity to conduct a reasonable inquiry into all facts underlying this lawsuit, but based upon their collective knowledge, information and belief, wish to interpose the following affirmative and other defenses, some or all of which may ultimately be supported by the facts to be revealed in discovery and investigation of the case. Upon request and after having conducted discovery in this case, Defendants will withdraw those affirmative defenses that are unsupported by the facts revealed in pre-trial discovery and investigation, should there be any. On the basis of the above and by way of further Answer to Plaintiff's Amended Complaint, Defendants allege the following defenses:

1. Plaintiff improperly named and/or failed to name proper parties.

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. Any actions taken by Defendants with respect to Plaintiff were undertaken for legitimate business reasons and no discriminatory, retaliatory or other unlawful factors motivated Defendants' actions towards Plaintiff.

4. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendants, Plaintiff has failed to mitigate or minimize the alleged damages; alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or any other earnings or remunerations, profits, and benefits actually received by Plaintiff.

ANSWER TO AMENDED COMPLAINT - 6
No. 2:12-cv-00034-RAJ
709531.0003/5253017.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

5. If any improper, illegal or discriminatory acts were taken by any employee of Defendants against Plaintiff, it was outside the course and scope of that employee's employment, contrary to company policies, and was not ratified, confirmed or approved by Defendants. Thus, any such actions cannot be attributed or imputed to Defendants.

6. Defendants did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in Plaintiff's Amended Complaint.

7. Any act or omission alleged to have given rise to Plaintiff's Complaint was in good faith and based on a reasonable belief that Defendant was in compliance with all applicable laws.

8. Defendants have in place a clear and well-disseminated policy against harassment, discrimination and retaliation and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants or to avoid harm otherwise, Plaintiff's claims concerning alleged discrimination or harassment are barred.

9. Plaintiff's injuries and damages, if any, are a result of his own actions or of the actions of a non-party to this lawsuit.

10. Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, laches, or estoppel.

11. Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

12. Plaintiff was an at-will employee.

13. Plaintiff's claims are barred in whole or in part to the extent that they exceed the

ANSWER TO AMENDED COMPLAINT - 7
No. 2:12-cv-00034-RAJ
709531.0003/5253017.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

scope of or are inconsistent with the charged Plaintiff filed with the EEOC.

14.  Plaintiff's claims are barred in whole or in part, by applicable statutes of limitations, to the extent that they were not presented to the EEOC in a timely fashion and to the extent that they did not occur within the time frames prescribed by law under pertinent statutes and/or regulations.

15.  If Plaintiff is able to show that any discrimination occurred, which Defendants expressly deny, Defendants reserves the right to assert a mixed motive defense.

16.  Defendants reserve the right to amend its Answer to state additional affirmative or other defenses as may become known in discovery.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully requests that the Court grant the following relief:

1.  That Plaintiff's Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing by way of relief requested against Defendants;

2.  That Defendants be awarded their costs and reasonable attorneys' fees against Plaintiff in defending this action, as authorized by applicable law; and

3.  That the Court award such additional and further relief to Defendants as may be just and equitable under the circumstances.

///

///

///

///

///

ANSWER TO AMENDED COMPLAINT - 8
No. 2:12-cv-00034-RAJ
709531.0003/5253017.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1  DATED: January 12, 2012.

2                                    LANE POWELL PC

4                                    By   *s/Renee Grant Bluechel*
                                          Renee Grant Bluechel, WSBA No. 39500
5                                         grantbluechelr@lanepowell.com
                                          David Hosenpud, (*pro hac vice admission
6                                         pending*)
                                          hosenpudd@lanepowell.com
7                                    Attorneys for Defendants SCI Washington Funeral
                                     Services, Inc., and Uniservice Corporation d/b/a
8                                    Floral Hills Cemetery.

ANSWER TO AMENDED COMPLAINT - 9
No. 2:12-cv-00034-RAJ
709531.0003/5253017.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 12th day of January, 2012, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Matthew J. Bean, Esq.
Bean Porter Hawkins, PLLC
Denny Building, Suite 835
2200 Sixth Avenue
Seattle, WA 98121
mattbean@mjbean.com

Executed on the 12th day of January, 2012, at Seattle, Washington.

s/ *Terri L. Potter*
Terri Potter

ANSWER TO AMENDED COMPLAINT - 10
No. 2:12-cv-00034-RAJ
709531.0003/5253017.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107