HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUAYE KHATIB,

              Plaintiff,

  v.

SCI WASHINGTON FUNERAL SERVICES, et al.

              Defendants.

CASE NO. C12-34RAJ

ORDER

     This matter comes before the court on plaintiff's "Motion to Compel Further Deposition Testimony, for Discovery, and for Other Relief." Dkt. # 27. Plaintiff asks the court to "(1) require Defendants SCI to make Jon Gordon available for a short deposition regarding the responsive document 'discovered' by Defendants long after his deposition; (2) allow Plaintiff to take a 30(b)(6) of the corporate designee knowledgeable about the search for the documents, how responsive documents were discovered after Gordon's deposition, and why document related to Kerns making racist statements [were] never produced; (3) compel Defendant SCI Washington to make Hank Kerns available for a short deposition regarding the responsive discrimination complaint not provided to Plaintiff . . . and any additional discovery warranted by the testimony . . .; and (4) for attorney's [fees] incurred by Plaintiff for this additional discovery and associated costs, including court reporter fees and transcripts." *Id.* at 2-3.

ORDER- 1

This case was removed to this court on January 6, 2012.  On February 20, 2013, the court granted the parties' motion to continue trial to October 15, 2013.  Dkt. # 25.  The discovery cutoff was April 26, 2013, and dispositive motions were due May 30, 2013.  Plaintiff has not provided sufficient explanation for why he did not bring this motion prior to the discovery cutoff.  The fact that mediation was delayed or that the parties may have agreed to delay discovery (without court approval) until after mediation is not sufficient to justify the untimely motion.

Nor is the requested relief in plaintiff's motion to compel similar to the motion for sanctions for spoliation of evidence in *Equal Emp't Opp. Comm'n v. Fry's Elec.*, 874 F. Supp. 2d 1042 (W.D. Wash. 2012), as argued by plaintiff in reply.  In that case, Judge Lasnik specifically noted:

> Although defendant argues that the motion is actually a discovery motion that should have been filed before the discovery cutoff, plaintiffs request that the Court determine whether defendant willfully destroyed relevant evidence in a way that undermines the integrity of this proceeding and, if so, the appropriate remedy therefore.  Except as noted below, plaintiff is not seeking to compel additional discovery: rather, plaintiff seeks a dispositive sanction for litigation misconduct.

*Id.* at 1044.

In contrast, the only requested relief here is additional discovery and costs and fees associated with the additional discovery.  Plaintiff's motion is a discovery motion, and it is untimely.

For all the foregoing reasons, the court DENIES plaintiff's motion to compel.  Dkt. # 27.

Dated this 1st day of July, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER- 2